837 P.2d 1201

**In the Matter of the Appeal in PIMA COUNTY JUVENILE DELINQUENCY ACTION NO. 108965–02.**

**No. 2 CA–JV 92–0020.**

Court of Appeals of Arizona, Division 2, Department A.

June 11, 1992.

Review Denied Oct. 20, 1992.

Susan A. Kettlewell, Pima County Public Defender by Christie C. Sharp, Tucson, for minor.

Stephen D. Neely, Pima County Atty. by Grace Atwell, Tucson, for State.

## OPINION

LIVERMORE, Chief Judge.

The minor appeals from the order of the juvenile court adjudicating him delinquent on a charge of possessing a deadly weapon on school grounds in violation of A.R.S. § 13–3102(A)(11). He argues that the order must be reversed because his conduct did not constitute a cognizable offense. Alternatively, he claims that the authorized version of the statutes did not give him constitutionally adequate warning that his conduct was proscribed. We affirm.

The offense was committed on October 9, 1991, and was charged under A.R.S. § 13–3102. In the prior legislative session, that statute was amended by two separate laws. Laws 1991, chapter 237 amended the statute to add subparagraph (11) to subsection (A), defining misconduct with weapons to include possession of a deadly weapon on school grounds. The law amended other sections to provide certain exceptions and added subsection (K) to define "school" and "school grounds." Because the legislature did not include an emergency clause, the amendments were to take effect 91 days after the close of the legislative session. *See* Ariz. Const. art. IV, Part 1, § 1.

During the same session, the legislature enacted chapter 316, which amends § 13–3102 to define misconduct with weapons to include use of weapons in conjunction with gang activity and carrying a weapon into a polling place. The statute is further amended to provide for exceptions and designation of the degree of felony. The legislature also included an emergency clause, making the statute effective July 3, 1991, prior to the effective date of chapter 237.

Two versions of A.R.S. § 13–3102 are set forth in the supplement to volume 5A of the Arizona Revised Statutes. The first includes the amendments effected by chapter 316, and the second contains the amendments effected by chapter 237. Following the latter is a reviser's note which states in part: "The amendment made by Laws 1991, Ch. 316, sec. 3 was inconsistent and incompatible with Laws 1991, Ch. 237, sec. 1 and therefore could not be blended."

The minor argues that the effect of the passage of chapter 316 with an emergency clause is to repeal chapter 237 which, he claims, is inconsistent with the former, as recognized by the reviser. He cites no pertinent authority for this proposition and we can find none. As the state points out, the general rule, long established, is that "where statutes are *in pari materia* and the later one does not expressly repeal the former, the two are to be construed so as to give effect to each, if possible." *State v. Jaastad*, 43 Ariz. 458, 459, 32 P.2d 799, 800 (1934). *See also Atchison, Topeka & Santa Fe Railway Co. v. Arizona Department of Revenue*, 162 Ariz. 127, 781 P.2d 605 (App.1989). We believe the same rule is applicable to amendatory laws enacted in the same session of the legislature. Although the two laws in this case overlap in their organization, that is, different amendments are given the same subsection and subparagraph designation, they are not inconsistent or contradictory in any substantive matter. Nor can we find any express or even implicit intent in chapter 316 to repeal chapter 237. Accordingly, we reject the minor's argument that his conduct did not constitute a criminal offense on·October 9, 1991.

**468**

The minor also contends that, because the officially designated source of state law, that is, West Publishing Company's Arizona Revised Statutes, does not contain the offense cited in the delinquency petition, his due process right to fair warning of proscribed conduct was violated. This argument is based on the fact that the delinquency petition cited A.R.S. § 13–3102(12), which does not exist, and the reviser's comments quoted above. As to the first point, we note that the petition stated the offense in narrative form as well as citing to the statute. Any error was therefore clearly technical, not requiring or permitting reversal. Ariz. Const. art. 6, § 27. The second point is answered by our prior discussion. The fact that the reviser deems the two versions of the statute incapable of being blended is of no legal significance and does not mean that both versions were consequently not in effect. We find no merit to the minor's argument.

Affirmed.

LACAGNINA, P.J., and HOWARD, J., concur.